RENDERED:  FEBRUARY 14, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0692-DG

JOHN EDWARD ANDERSON　　　　　　　　　　　　　　APPELLANT


v.　　　　　　ON DISCRETIONARY REVIEW
FROM HICKMAN CIRCUIT COURT
HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 20-XX-00003


COMMONWEALTH OF KENTUCKY　　　　　　　　　　APPELLEE


OPINION
REVERSING

\*\* \*\* \*\* \*\* \*\*

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND COMBS, JUDGES.

THOMPSON, CHIEF JUDGE:  This case comes before us on remand from the Kentucky Supreme Court.  That Court remanded the case to us for a review on the merits after another panel of the Kentucky Court of Appeals dismissed the appeal.  After a thorough review of this case, we conclude that there was insufficient evidence to convict Appellant; therefore, we reverse his conviction.

## FACTS AND PROCEDURAL HISTORY

After a bench trial, Anderson was found guilty of theft by failure to make required disposition of property,[1] a Class A misdemeanor, and was subsequently sentenced by the Hickman District Court on August 17, 2020, to 180 days, 60 days to serve and the balance conditionally discharged for two years. Anderson was ordered to report to jail by September 14, 2020, to begin service on his conviction. He failed to comply, and a bench warrant was issued on September 16, 2020. Despite having absconded, Anderson, through counsel, timely appealed his conviction, and the Hickman Circuit Court affirmed by an opinion rendered on May 18, 2021.

Thereafter, Anderson sought discretionary review from this Court. On September 13, 2021, the Commonwealth sought dismissal of this action under the Fugitive Disentitlement Doctrine based on Anderson's ongoing fugitive status. Anderson subsequently surrendered himself to the jail and implored this Court to grant discretionary review. On November 30, 2021, a panel of this Court denied the Commonwealth's motion, and discretionary review was ultimately granted.

After reviewing the case, another panel of this Court ultimately dismissed the appeal based on Anderson's fugitive status. Anderson then sought review by the Kentucky Supreme Court. That Court reversed and remanded the

---

[1] Kentucky Revised Statutes (KRS) 514.070.

case back to this Court. The Supreme Court held that because Anderson turned himself in, he was no longer a fugitive and the Court of Appeals should review the case on the merits.

## ANALYSIS

KRS 514.070 states in pertinent part:

(1) A person is guilty of theft by failure to make required disposition of property received when:

> (a) He or she obtains property upon agreement or subject to a known legal obligation to make specified payment or other disposition whether from such property or its proceeds or from his or her own property to be reserved in equivalent amount; and

> (b) He or she intentionally deals with the property as his or her own and fails to make the required payment or disposition.

. . .

(4) Theft by failure to make required disposition of property received is a Class B misdemeanor unless:

> (a) The value of the property is five hundred dollars ($500) or more but less than one thousand dollars ($1,000), in which case it is a Class A misdemeanor[.]

In this case, Anderson was charged and convicted under the Class A misdemeanor subsection.

On appeal, Anderson argues that this statute does not apply to his actions. He also argues that he was given an illegal sentence because there was no

-3-

proof given regarding the value of the property he allegedly failed to turn over. After reviewing the record, we agree with Anderson that there was no evidence presented regarding the value of the property he kept in his possession. This issue will determine the outcome of this appeal.

We must first point out that this issue was not preserved in the lower courts; therefore, we review for palpable error.

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

Kentucky Rules of Criminal Procedure (RCr) 10.26. "[I]f upon consideration of the whole case the reviewing court does not conclude that a substantial possibility exists that the result would have been any different, the error complained of will be held to be nonprejudicial." *Jackson v. Commonwealth*, 717 S.W.2d 511, 513 (Ky. App. 1986) (citation omitted).

Here, the items Anderson retained in his possession were personal items like clothing, books, and mugs. There was no evidence presented at trial regarding the value of these items. The judge presiding over the bench trial also stated that he was not provided with any valuation of the property, but still believed a conviction was appropriate. Even the Commonwealth admits that there was no valuation of the property.

-4-

In this case, Anderson was charged with the Class A misdemeanor version of the statute which requires a showing that the property Anderson refused to return was valued at $500 or more, but less than $1,000. The Commonwealth failed to put on any evidence regarding the value of the property; therefore, there was insufficient evidence to convict Anderson of theft by failure to make required disposition of property worth $500 or more, but less than $1,000. This was palpable error.

## CONCLUSION

Because the Commonwealth failed to provide sufficient evidence to convict Anderson of theft by failure to make required disposition of property worth $500 or more, but less than $1,000, his conviction should be reversed. Also, because his conviction is being reversed for insufficient evidence, double jeopardy is invoked and he cannot be retried. *Commonwealth v. Davidson*, 277 S.W.3d 232, 234-35 (Ky. 2009).

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Bryan D. Morrow
Assistant Attorney General
Frankfort, Kentucky